THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND BY MEANS OF THIS LETTER TO YOUR OPINION REQUEST ASKING SEVERAL QUESTIONS ABOUT MILEAGE EXPENSES FOR COUNTY OFFICERS AND WHETHER OPINION NO. 84-103, RELATING TO FUNDING FARM AND HOME DEMONSTRATION SERVICES, IS STILL IN EFFECT. OPINION NO. 84-103, DISCUSSING THE ROLE OF THE COUNTY EXCISE-BOARD VIS-A-VIS THE BOARD OF COUNTY COMMISSIONERS IN THE FUNDING OF FARM AND HOME DEMONSTRATION SERVICE CONTRACTS, REMAINS A VALID AND EFFECTIVE OPINION ON THE PERTINENT LAW. MUCH OF ITS DISCUSSION OF THE ROLE OF THE EXCISE BOARD IS RELEVANT TO ANSWERING YOUR OTHER QUESTIONS.
A COUNTY EXCISE BOARD USUALLY HAS TWO OPPORTUNITIES TO EXERCISE ITS DISCRETION IN ACTING ON A COUNTY BUDGET. THE FIRST OPPORTUNITY COMES WHEN IT IS PRESENTED WITH THE CONSOLIDATED ESTIMATE OF NEEDS OF ALL THE COUNTY OFFICERS AND DEPARTMENTS. AS OPINION NO. 84-103 NOTED, IT IS AT THIS STAGE THAT THE EXCISE BOARD IS AUTHORIZED BY 68 O.S. 2487(2) (1981), INITIALLY TO STRIKE ITEMS AND AMOUNTS. AT THIS STAGE IT MAY STRIKE ITEMS AND AMOUNTS THAT ARE: (1) "NOT AUTHORIZED BY LAW," (2) "CONTRARY TO LAW," OR (3) "IN EXCESS OF NEEDS." THE SECOND OPPORTUNITY COMES ONLY IF, AFTER ANY REVISIONS FROM STAGE ONE AND PUBLICATION OF THE ESTIMATE OF NEEDS, THE EXCISE BOARD DETERMINES THAT THE ESTIMATE STILL EXCEEDS ANTICIPATED REVENUES. UNDER THE AUTHORITY OF 68 O.S. 2487(5) (1981), THE EXCISE BOARD THEN:
 ". . . WILL PROCEED TO REVISE THE SAME (THE ESTIMATE OF NEEDS) BY REDUCING ITEMS, IN WHOLE OR IN PART, IN THE FOLLOWING ORDER: (A) FIRST APPLY SUCH REVISION BY REDUCTION OF ITEMS FOR GOVERNMENTAL FUNCTIONS AUTHORIZED BUT NOT REQUIRED; (B) IF FURTHER REDUCTION BE NECESSARY, SECOND, BY REDUCTION OF ITEMS REQUIRED BY THE LEGISLATURE BUT NOT WITHIN CONSTITUTIONAL REQUIREMENT; (C) IF STILL FURTHER REDUCTION BE NECESSARY AND NO OTHER ITEMS REMAIN, THIRD, BY REDUCTION OF ITEMS FOR CONSTITUTIONAL GOVERNMENTAL FUNCTIONS UNTIL THE TOTAL THEREOF BE WITHIN THE INCOME AND REVENUE PROVIDED."
KEEPING THIS TWO-STAGE PROCESS BY THE EXCISE BOARD IN MIND, I TURN TO YOUR MORE SPECIFIC QUESTIONS. SOME TRAVEL BY COUNTY OFFICERS AND EMPLOYEES MAY BE REQUIRED AND SOME MAY BE MERELY AUTHORIZED. IF THE TRAVEL IS REQUIRED BY LAW (AND THIS IS A MATTER ON WHICH THE EXCISE BOARD MAY SEEK THE ADVICE OF THE DISTRICT ATTORNEY AS TO SPECIFIC INSTANCES) THEN THE EXCISE BOARD CANNOT QUESTION THE NEED IN ITS FIRST STAGE CONSIDERATION ALTHOUGH IT STILL MAY HAVE SOME DISCRETION TO SAY THAT A PARTICULAR AMOUNT IS EXCESSIVE. IF THE SECOND STAGE IS REACHED THEN CLEARLY THE EXCISE BOARD CAN CUT, IN WHOLE OR IN PART, ANY TRAVEL EXPENSE ITEMS PROVIDED THE BOARD FOLLOWS THE PATTERN OF ITEMS AUTHORIZED BUT NOT REQUIRED FIRST, ITEMS LEGISLATIVELY BUT NOT CONSTITUTIONALLY REQUIRED NEXT, AND CONSTITUTIONALLY REQUIRED ITEMS ONLY AS A LAST RESORT.
THE FACT THAT THE LEGISLATURE HAS AUTHORIZED LUMP SUM TRAVEL ALLOWANCES TO COUNTY OFFICERS IN 19 O.S. 165 (1981), IN LIEU OF REIMBURSEMENT FOR TRAVEL EXPENSES DOES NOT, IN MY OPINION, ALTER THE EXCISE BOARD'S ULTIMATE AUTHORITY TO DETERMINE WHETHER TRAVEL EXPENSES MAY BE "IN EXCESS OF NEEDS" OR WHETHER THEY MAY BE REDUCED TO MEET ANTICIPATED REVENUES. BY AUTHORIZING THE LUMP SUM PAYMENTS THE LEGISLATURE PROBABLY HAS RAISED A STRONG PRESUMPTION THAT THE AMOUNTS AUTHORIZED ARE NOT IN EXCESS OF NEEDS, BUT EVEN THIS PRESUMPTION CAN BE OVERCOME BY EVIDENCE PRESENTED TO THE EXCISE BOARD.
IN MY OPINION, THE LEGISLATURE ALSO DID NOT INTEND FOR THE AUTHORIZED LUMP SUM PAYMENTS TO BE A WINDFALL OF INCOME FOR THE OFFICERS COVERED BY 165. THE STATUTE CLEARLY STATES THAT THE LUMP SUM PAYMENTS ARE INTENDED TO BE "IN LIEU OF REIMBURSEMENT FOR TRAVELING EXPENSES." I THINK THIS MEANS THAT TRAVEL ACTUALLY MUST BE PERFORMED BY THE AFFECTED OFFICERS. THE STATUTE SIMPLY RELIEVES THEM OF THE NEED TO KEEP RECEIPTS, FILE CLAIMS, ETC., ON EACH INDIVIDUAL TRIP THEY MAKE. (I AM AWARE THAT PREVIOUS OPINIONS OF THIS OFFICE HAVE SAID THAT THE OPTION TO TAKE THE LUMP SUM PAYMENT LIES WITH THE OFFICER CONCERNED AND NOT WITH THE EXCISE BOARD, BUT THESE PREVIOUS OPINIONS DO NOT CHANGE THE ROLE OF THE EXCISE BOARD AS OUTLINED ABOVE.)
TRAVEL EXPENSE MONIES, I AM INFORMED BY THE STATE AUDITOR AND INSPECTOR'S OFFICE, ARE ALMOST ALWAYS APPROPRIATED TO THE FUNDS OR ACCOUNTS OF THE INDIVIDUAL COUNTY OFFICERS RATHER THAN TO THE COUNTY'S GENERAL GOVERNMENT FUND, WHETHER TO BE EXPENDED IN THE FORM OF LUMP SUM OR BY REIMBURSEMENT. WHILE THERE DOES NOT APPEAR TO BE A SPECIFIC STATUTE ON THIS IN OUR LAWS, IT WOULD APPEAR THAT THIS PRACTICE IS CLEARLY WITHIN THE LAW AND HAS PRECEDENT ON ITS SIDE. TRAVEL EXPENSES IN THE ESTIMATE OF NEEDS AND ULTIMATELY IN THE APPROVED COUNTY BUDGET, JUST AS MANY OTHER ITEMS OF EXPENSE, ARE SIMPLY EDUCATED ESTIMATES.
(HUGH H. COLLUM)